Wilde J.
delivered the opinion of the Court. It appears from the decree of the judge of probate upon the account presented by the appellees, that a balance of $ 664'50 was allowed in their favor ; and the appellants contended that according to the true construction of the will of Zephaniah Davison, no balance in favor of the appellees should be allowed.
By the second clause in the will a tract of land of about twenty acres is devised to the executrix for life, together with all the testator’s personal property. The third clause directs that the testator’s mother “ should be comfortably clothed, fed, maintained and supported, in sickness and in health, out of the before bequeathed and devised premises to the said executrix.” And by the seventh clause in the will the testator directs that all the residue of his real estate, being about sixty acres of land, should be committed to the care, management and disposal of his wife, the said executrix, (if necessary) for the maintenance and support of his mother during her life, and for other purposes.
These are all the clauses in the will, which it is material to *255 consider, and the construction of them appears to be very clear. By the second clause a life estate is expressly given to the executrix, which by the third clause is charged with the support and maintenance of the testator’s mother. The charge, however, is on the income and profits of the twenty acres, and of the personal estate. There is no personal charge on the executrix, and therefore there is no reason for supposing that a fee simple was intended. We think, therefore, the appellees are bound to account for the rents and profits of the twenty acres, and for the income of the personal property, after deducting the amount of debts paid, expenses, &c. ; and if this should not be sufficient (as probably it will not be) to reimburse the expenses incurred for the support and maintenance of the mother, the income of the sixty acres is to be applied to make good the deficiency.
It has been said that the second and third clauses are repugnant, as the expenses of supporting the mother exceed the income of the twenty acres, and of the personal property. But construing the two clauses together, they are sufficiently intelligible and consistent. The continuance of the mother’s life was uncertain, and the amount of benefit to be derived by the executrix from the devise and bequest depended on the duration of the life of the mother. But as the event has happened, still the devise and bequest are beneficial, as the charge upon them ceased on the death of the mother.
It has been said also, that the expense of supporting and maintaining the mother should be charged exclusively on the sixty acres, but the language of the will is such as very clearly will admit of no such construction.
The decree of the judge of probate, for these reasons, must be reversed, and a new account is to be taken conformably to th( principles above stated.